IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILL BRADY,                                              No. CIV S-06-2298-JAM-CMK

        Plaintiff,

   vs.                                                        ORDER

MIKE KELPER, et al.,

        Defendants.

_____/

        Plaintiff, proceeding pro se, brings this civil action regarding seizure of cattle. Pending before the court is plaintiff's motion to dismiss the defendants' attorney on the grounds of a conflict of interest (Docs. 31, 38).  The undersigned finds this matter appropriate for disposition on the submitted documents.  Pursuant to Eastern District of California Local Rule 78-230(h), the hearing scheduled for August 20, 2008 before the undersigned in Redding, California, is taken off calendar.

        Plaintiff's motion states his

> motion is requested on the grounds of a conflict of interest do [sic] to letters I wrote to the Attorney General asking their help with bringing this to justice and several phone conversations I received from Ken Steiford starting on or about August 16 though September 2005 from the United States Attorneys Generals office

1   in Sacramento . . . discussing my case in great detail.
2   See Motion (Doc. 31) at 2.
3   In opposition, defendants contend that Kim Stafford[1] is a public inquiry officer
4   with the United States Attorney's office, not an attorney, and that when plaintiff contacted the
5   United States Attorney's office, Mr. Stafford returned plaintiff's call.  Mr. Stafford contends he
6   responds to public inquiry via telephone messages, letters, and in-office solicitations.  (See
7   Declaration of Kim Stafford (Doc. 33) at 5).  Mr Stafford recalls returning a telephone call to
8   plaintiff and referring him to the agency with which he had been dealing.  There was no sharing
9   of any information between Mr. Stafford and any of the attorneys representing the defendants in
10  the matter.
11  Plaintiff is proceeding in this matter in pro per.  As such, he has no attorney
12  representing him and he is in charge of any and all communication involved in this matter.  It
13  therefore is not possible to have inappropriate ex parte communication between plaintiff and the
14  defendants' attorney.  If plaintiff chose to contact the United States Attorney Office, it was his
15  choice to do so.  He cannot now claim a conflict of interest because of his action.  See e.g. Cal.
16  Prof. Conduct Rule 2-100.
17  Plaintiff offers no grounds on which to base his conflict of interest argument.  As
18  defendants point out, there was no attorney-client relationship between plaintiff and defense
19  counsel, nor does plaintiff allege there was.  Plaintiff simply indicates that the conflict arose
20  because he initiated contact with the United States Attorneys Office.  No where does he allege
21  that this provided defense counsel with privileged or inside information, nor does he allege that
22  because of this contact defense counsel has information that would be prejudicial to his case.
23  The court finds there is no conflict of interest alleged, nor any appearance of a
24  conflict.  Plaintiff's motion will therefore be denied.

---

[1] Plaintiff refers to this individual as Ken Steiford.  However, according to the defendants' opposition, his name is actually Kim David Stafford.

Accordingly, it is hereby ordered that:

1. The hearing on plaintiff's motion to dismiss defendants' attorney, scheduled for August 20, 2008, is taken off calendar; and

2. The motion to dismiss defendants' attorney (Docs. 31, 38) is denied.

DATED: July 23, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE