1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BILL BRADY,                              No. CIV S-06-2298-JAM-CMK

12                    Plaintiff,

13          vs.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   MIKE KUYPER[1], et al.,

15                    Defendants.

16   _____/

17                    Plaintiff, proceeding pro se, brings this civil action regarding seizure of cattle.

18   Pending before the court is defendants' motion to dismiss or, in the alternative, for judgment on

19   the pleadings (Doc. 25).  Plaintiff filed an opposition to the motion[2] (Doc. 32), and defendants

20   filed a reply (Doc. 33).  A hearing on this matter is was taken off calendar pursuant Local Rule

21   78-230(h).

22   / / /

23   _____

24          [1]    The court notes the correct spelling of defendant Kuyper (named in the complaint
     as Kelper), and directs the Clerk of the Court to correct the name on the docket.
25
26          [2]    Plaintiff's opposition only responds to the exhibits defendants included in their
     motion, it does not address the merits of the motion to dismiss.

## I.      BACKGROUND

Plaintiff commenced this action on October 18, 2006.  Pursuant to 28 U.S.C. § 1915(e)(2), the court was required to screen plaintiff's complaint.  Accordingly, the court found plaintiff's complaint asserted cognizable claims against defendants Mike Kuyper and Ralph Mauck for deprivation of his property without proper due process.  Plaintiff's complaint also named two federal agencies, the Bureau of Land Management (BLM) and the Department of the Interior, as defendants.  The undersigned issued Findings and Recommendations on June 11, 2007, recommending the dismissal of these two agencies as defendants.[3]  After some delay in effecting service of process, defendants filed an answer on October 15, 2007.  Defendants also filed a notice of substitution of the United States of America as defendant in place of Mike Kuyper and Ralph Mauck.

Plaintiff's complaint alleges that the BLM impounded his cattle without providing him proper notice of the seizure.  He claims he did not get a trespass notice until April 18, 2005, 12 days after the cattle were impounded.  He alleges he had a meeting with defendant Kuyper regarding the return of his cattle, and was told he had to provide proof of ownership and had to have a brand inspection.  However, no further meeting was held prior to the cattle being sold at auction.  Plaintiff alleges his constitutional due process rights were violated.

## II.     MOTION TO DISMISS

Defendants bring this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the alternative, defendants request the court grant a judgment on the pleadings pursuant to Rule 12(c).  Defendants claim plaintiff's complaint fails to state a claim upon which relief can be granted.  The basis of their argument is that there is no recognizable

/ / /

/ / /

---

[3]      The Findings and Recommendations (Doc. 10) have not yet been adopted.  No party filed objections to the Findings and Recommendations.

Bivens[4] claim based on the facts of this case and plaintiff had other remedies for his alleged wrongdoings.  In addition, they argue that they are protected by qualified immunity as they were acting within the scope of their employment at all times relevant.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 127 S. Ct. 2197 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S. Ct.1955, 1964-65 (2007).  Allegations of specific facts are not necessary so long as the statement of facts gives the defendant fair notice of what the claim is and the grounds upon which it rests.  See Erickson, 127 S. Ct. at 2197.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

---

[4]      Referring to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (Bivens).

1   (2) documents whose authenticity is not in question, and upon which the complaint necessarily

2   relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,

3   688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,

4   see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).[5]

5           Motions under Rule 12(c) are similar to motions under rule 12(b) in that judgment

6   on the pleadings is appropriate if ". . . it is clear that no relief could be granted under any set of

7   facts that could be proven consistent with the allegations." McGlinchy v. Shell Chem. Co., 845

8   F.2d 802, 810 (9th Cir. 1988). Rather than testing whether the factual allegations state a claim,

9   motions under Rule 12(c) test whether, even if all the facts alleged in the complaint can be

10  proved, defendants are nonetheless entitled to judgment as a matter of law. See Hal Roach

11  Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). All non-

12  conclusory factual allegations in the complaint must be assumed to be true. See Austad v. United

13  States, 386 F.2d 147, 149 (9th Cir. 1967); see also McGlinchy, 845 F.2d at 810.

14          **A.    Bivens Action**

15          In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

16  U.S. 388 (1971), the Supreme Court recognized a claim against federal officials who participated

17  directly in an alleged constitutional violation. This type of action is against the federal official in

18  his or her individual capacity, not against an official in his or her official capacity or against a

19  federal agency. See FDIC v. Meyer, 510 U.S. 471, 485-86 (1994). Bivens creates a cause of

20  action only against federal officials who participated directly in the claimed constitutional

21  _____

22          [5]     Defendant submitted a number of documents in support of their motion.
    However, because this is a motion to dismiss, the court cannot look beyond the pleadings to these
23  supporting documents and therefore has not taken them into account in these findings.
    Defendants requested the court take judicial notice of these documents submitted in support of
24  the motion to dismiss. However, because the documents are not specifically referred to in the
    complaint, their authenticity is unknown, and they are not subject to judicial notice pursuant to
25  Fed. R. Evid. 201, defendants' request is denied. However, even if the court took judicial notice
    of the documents, the outcome of this decision would not change. With the exception of the
26  BLM Manual Handbook and the information of taking appeals, the documents are fact specific to
    this case and would be more appropriately used to support a motion for summary judgment.

1    violation, and the doctrine of *respondeat superior* cannot be invoked to support such a cause of

2    action.  See Bibeau v. Pacific Nw. Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir.1999)

3    (citing Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir.1991)).

4            Plaintiff's complaint alleges that the individual defendants in this action violated

5    his constitutional due process rights by failing to provide him adequate notice prior to

6    impounding and selling his cattle.  His allegations fall under the Fifth Amendment, protecting

7    him from the deprivation of his property without due process of law.

8            Defendants argue that no action can be recognized under Bivens in these

9    circumstances.  They contend that Bivens has not been expanded, and the courts are loath to

10   extend Bivens, to cover the facts as plaintiff has presented them.  Defendants cite the Supreme

11   Court's recent opinion in Wilkie v. Robbins, 127 S. Ct. 2588 (2007), to support their argument

12   that the Bivens doctrine should not be expanded.  In Wilkie, the Court granted the defendants

13   summary judgment on the plaintiff's Bivens claim.  The Court concluded the "hard-bargaining"

14   plaintiff had to deal with, with the federal agents committing trespass, revoking permits, and

15   filing numerous administrative and criminal charges, was insufficient to establish Bivens

16   liability.  See Wilkie, 127 S. Ct. at 2600-05.  The Court noted that the plaintiff had other

17   remedies for vindicating his complaints without expanding Bivens.  See id.

18           Similarly, the defendants here argue Bivens should not be expanded to find

19   liability in this case.  They argue that plaintiff had other remedies for his complaints regarding

20   conversion and unlawful taking, and that this case does not involve the extreme conduct needed

21   to justify a Bivens remedy.

22           Defendants' contention that this case should be dismissed under Rule 12 (b)(6)

23   because no case has been found to extend Bivens to cover this exact situation is unpersuasive.

24   Read liberally and in the light most favorable to plaintiff, as the court must, the complaint makes

25   allegations of a violation of plaintiff's  Fifth Amendment due process rights.  The Supreme Court

26   has concluded that "a Bivens action alleging a violation of the Due Process Clause of the Fifth

1  Amendment may be appropriate in some contexts. . . ." <u>FDIC v. Meyer</u>, 510 U.S. at 484 n.9

2  (comparing <u>Davis v. Passman</u>, 442 U.S. 228 (1979), with <u>Schweiker v. Chilicky</u>, 487 U.S. 412

3  (1988)).  Accordingly, violations of the Fifth Amendment may be sufficient for a <u>Bivens</u> action.

4          Regardless of whether plaintiff will ultimately prevail on his claims, dismissing

5  this case under Rule 12(b)(6) is not appropriate.  Plaintiff's complaint may raise a novel issue,

6  but that does not justify dismissing it at this stage.  The fact that plaintiff's claim "does not fall

7  within the four corners of . . . prior case law does not justify dismissal under Rule 12(b)(6).  On

8  the contrary, Rule 12(b)(6) dismissals 'are especially disfavored in cases where the complaint

9  sets forth a novel legal theory that can best be assessed after factual development.'" <u>McGary v.

10  City of Portland</u>, 386 F.3d 1259, 1270 (9th Cir. 2004) (quoting <u>Baker v. Cuomo</u>, 58 F.3d 814,

11  818-19 (2d Cir. 1995)).  Accordingly, because plaintiff's claim may be novel is reason itself not

12  to dismiss it at this stage of the proceedings.  Defendants cite numerous cases in which the courts

13  have granted summary judgment denying the expansion of the <u>Bivens</u> doctrine.  However, they

14  do not cite any cases that support dismissal of the action under either Rule 12(b)(6) or Rule 12(c)

15  prior to factual development.  Therefore, the motion to dismiss the <u>Bivens</u> claim should be

16  denied.[6]

17      **B.     Tort Claims**

18          Plaintiff's complaint is titled "Complaint for Conversion; Un-Authorized Seizure

19  of Cattle; Cattle Rustling."  The facts of the complaint indicate plaintiff is alleging the individual

20  defendants named in the complaint failed to follow proper procedure prior to impounding his

21  cattle, and failed to follow proper procedure prior to disposing of his cattle.  He claims the

22  defendants' actions violated his constitutional rights under due process of law.  He does not

23

24          [6]     As discussed above, a <u>Bivens</u> claim by its nature is against an individual acting in
    his or her individual capacity.  It is not available as a remedy against an agency or an individual
25  acting in his or her official capacity.  <u>See Bibeau</u>, 188 F.3d at 1114.  Accordingly, the court
    cannot substitute the United States as the defendant in place of the individual defendants as the
26  defendants have requested.

1   specifically allege any tort violation, other than in the title of his complaint.  However, reading

2   the complaint liberally as the court must, there may be sufficient facts alleged to support a claim

3   for conversion or unlawful taking of plaintiff's cattle.

4           The motion to dismiss under Rule 12(b)(6) does not specifically request the

5   dismissal of plaintiff's potential tort claims.  In addition, the court's screening order does not

6   recognize such claims.  However, defendants argue that any action plaintiff may have for the

7   alleged torts would be brought under the Federal Tort Claims Act (FTCA).  They also argue that

8   plaintiff failed to file an administrative claim, which is a requirement prior to filing a court action

9   alleging conversion.  Plaintiff does not dispute this.  Accordingly, to the extent plaintiff is

10  alleging a tort of conversion in his complaint, the court finds he has failed to exhaust his

11  administrative remedies and these claims should be dismissed.  See McNeil v. United States, 508

12  U.S. 106 (1993).

13          Similarly, defendants argue that plaintiff could have brought an action for just

14  compensation in the Court of Federal Claims if the defendants acted improperly in impounding

15  his cattle.  To the extent plaintiff is attempting to state a claim for wrongful taking, his remedy

16  lies with the Court of Federal Claims and not this court.  Accordingly, these claims should be

17  dismissed.

18  **III.    QUALIFIED IMMUNITY**

19          Finally, defendants argue that they should be granted qualified immunity as

20  federal employees.

21          Government officials enjoy qualified immunity from civil damages unless their

22  conduct violates "clearly established statutory or constitutional rights of which a reasonable

23  person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In general,

24  qualified immunity protects "all but the plainly incompetent or those who knowingly violate the

25  law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).  In ruling upon the issue of qualified

26  immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting

1   the injury, the facts alleged show the defendant's conduct violated a constitutional right.  See
2   Saucier v. Katz, 533 U.S. 194, 201 (2001).  If, and only if, a violation can be made out, the next
3   step is to ask whether the right was clearly established.  See id.  This inquiry "must be undertaken
4   in light of the specific context of the case, not as a broad general proposition . . . ."  Id.  "[T]he
5   right the official is alleged to have violated must have been 'clearly established' in a more
6   particularized, and hence more relevant, sense:  The contours of the right must be sufficiently
7   clear that a reasonable official would understand that what he is doing violates that right."  Id. at
8   202 (citation omitted).  Thus, the final step in the analysis is to determine whether a reasonable
9   officer in similar circumstances would have thought his conduct violated the alleged right.  See
10  id. at 205.

11          When identifying the right allegedly violated, the court must define the right more
12  narrowly than the constitutional provision guaranteeing the right, but more broadly than the
13  factual circumstances surrounding the alleged violation.  See Kelly v. Borg, 60 F.3d 664, 667
14  (9th Cir. 1995).  For a right to be clearly established, "[t]he contours of the right must be
15  sufficiently clear that a reasonable official would understand [that] what [the official] is doing
16  violates the right."  See Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Ordinarily, once the
17  court concludes that a right was clearly established, an officer is not entitled to qualified
18  immunity because a reasonably competent public official is charged with knowing the law
19  governing his conduct.  See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).  However, even
20  if the plaintiff has alleged a violation of a clearly established right, the government official is
21  entitled to qualified immunity if he could have ". . . reasonably but mistakenly believed that his .
22  . . conduct did not violate the right."  Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir.
23  2001); see also Saucier, 533 U.S. at 205.

24          The first two steps in the qualified immunity analysis involve purely legal
25  questions.  See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996).  The third inquiry involves a
26  legal determination based on a prior factual finding as to the government official's conduct.  See

8

1    Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995).  In resolving these issues, the court must

2    view the evidence in the light most favorable to plaintiff and resolve all material factual disputes

3    in favor of plaintiff.  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

4              The Ninth Circuit has recognized the difficulty in determining the issue of

5    qualified immunity on a motion to dismiss.  See Hydrick v. Hunter, 500 F.3d 978 (9th Cir. 2007).

6    "[A] motion to dismiss on qualified immunity grounds puts the court in the difficult position of

7    deciding 'far-reaching constitutional questions on a non-existent factual record.'  While

8    'government officials have the right . . . to raise . . . qualified immunity defense on a motion to

9    dismiss, the exercise of that authority is not a wise choice in every case."  Id. at 985 (quoting

10   Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir.2004)).

11             Defendants argue that there is no clearly established constitutional right that has

12   been violated.  They argue:

13                 There plainly is no established constitutional right to trespass cattle
                   on public lands.  There is no clearly established constitutional right
14                 to retain ownership of trespassing cattle, without proving
                   ownership of the cattle, and without paying for the damage and
15                 other costs associated with the trespass.

16   (Memorandum of Points and Authorities (Doc. 25-2) at 14).  However, defendants seem to miss

17   the point of this case.  This case, as defined above, is not plaintiff's right to have cattle on public

18   lands nor is it about plaintiff's property, the cattle.  It is about plaintiff's right to due process

19   prior to being deprived of his property.  At best, defendants define the right allegedly violated

20   here too narrowly.  However, the court must define the right more broadly than the factual

21   circumstances surrounding the alleged violation, but more narrowly that the constitutional

22   provision.

23             Plaintiff states in his complaint that his due process rights have been violated.

24   Because the complaint is against federal officials, the constitutional right he alleges to have been

25   violated is his Fifth Amendment right not to be deprived of property without due process of law.

26   Defined more narrowly than that, plaintiff alleges that the defendants failed to follow the proper

procedure in notifying him regarding the alleged trespass of cattle, and failed to provide him appropriate means to prove ownership of the cattle, prior to confiscating and selling the cattle. Plaintiff's claim is essentially that defendants failed to follow their own procedures properly, which violated his constitutional right to due process. Since it is defendants' own procedures at issue, the right was sufficiently clearly established that a reasonable official would understand that what the official is doing violates that right. Therefore, on the limited record before the court, the first two steps have been met. The third step is a legal determination based on a prior factual finding as to the government official's conduct. See Neely, 50 F.3d at 1509. On this motion to dismiss, there has been no prior factual findings. Therefore, the undersigned finds that granting a motion to dismiss based on qualified immunity is not possible at this stage of the proceedings, and recommends that it be denied.

Defendants cite Hatahley v. United States, 351 U.S. 173, 181 (1956), to support their position that they should be entitled to immunity in this action. The Supreme Court in Hatahley concluded that governmental employees acting within the scope of their employment would not be liable under the FTCA. However, this is not a case under the FTCA, and Hatahley is therefore not applicable to this situation.

**IV.    CONCLUSION**

Based on the foregoing, the undersigned recommends that:

1.    Defendants' motion to dismiss (Doc. 25) be granted in part and denied in part;

2.    Defendants' motion to dismiss be granted as to any attempted tort claims;

3.    Defendants' motion to dismiss be denied as to plaintiff's Bivens claim;

4.    Defendants's motion to dismiss on the grounds of qualified immunity be denied;

5.    This action should proceed against the individual defendants in their individual capacity only; and

6.    This matter be referred back to the magistrate judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE